UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ANTONIO CURTIS ARMOUR,

Plaintiff,

v.

MICHELLE KRAUS, ANTHONY W.
GELLER, and HOLLY A. BRADY,

Defendants.

CAUSE NO. 1:26-CV-211-CCB-SJF

## OPINION AND ORDER

Antonio Curtis Armour, a prisoner without a lawyer, filed a complaint suing a public defender, an assistant United States attorney, and a federal judge. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Armour alleges Michelle Kraus, a public defender, committed a federal crime when she forged his signature on a document dismissing the direct appeal in his federal criminal case. He argues he has a private right of action created by *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) to sue federal officers. However, Michelle

Kraus is not a federal officer. *Cf. Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *McDonald v. White,* 465 F. App'x 544, 548 (7th Cir. 2012) (claims against public defender are frivolous because "court-appointed public defender is not a state actor, and thus cannot be sued under 42 U.S.C. § 1983"). Additionally, even if she were a federal officer, *Bivens* claims do not provide a cause of action of forged court documents in criminal cases and special factors do not counsel in favor of extending *Bivens* in this case. *See Goldey v. Fields*, 606 U.S. 942, 945 (2025) ("For the past 45 years, this Court has consistently declined to extend Bivens to new contexts."). Moreover, criminal statutes do not create a private right of action because, "the Supreme Court has been unwilling to treat criminal laws as implying private entitlements . . .." *Chapa v. Adams*, 168 F.3d 1036, 1038 (7th Cir. 1999).

Armour alleges Assistant United States Attorney Anthony W. Geller and Chief Judge Holly A. Brady "either was aware of this misconduct [by Michelle Kraus] and did not care or they all were in on the misconduct." ECF 1 at 2. Armour argues they are not immune because the conduct was criminal. However, "[a]bsolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (cleaned up)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Geller and Brady are immune from this civil

lawsuit and Armour may not bring a criminal case against them. *See United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) ("[C]riminal prosecution is an executive function within the exclusive prerogative of the Attorney General.").

In addition to monetary compensation, Armour seeks injunctive relief ordering that his 28 U.S.C. § 2255 motion be granted and that the defendants be disbarred. Neither of those requests are relief that can be granted in this lawsuit.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A because it fails to state a claim for which relief can be granted and is frivolous.

SO ORDERED on May 1, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

3